WELLS & RICHARDSON CO. v. SIEGEL, COOPER & CO.

(Circuit Court, N. D. Illinois, N. D. November 29, 1900.)

No. 25,412.

TRADE-MARKS—DESCRIPTIVE WORDS—"CELERY COMPOUND."
   The words "Celery Compound," while descriptive in character, may constitute a trade-mark, and be entitled to protection as such, in connection with the representation of a head of celery, where it is shown that by long use, not strictly in a descriptive sense, they have acquired a secondary meaning, as identifying the particular preparation of complainant.

In Equity. Suit for infringement of trade-mark. On motion for preliminary injunction.

F. F. Reed, George L. Huntress, and Edward S. Rogers, for complainant.
Pam, Calhoun & Glennon, for defendant.

KOHLSAAT, District Judge. In this matter I am of the opinion, from the proofs submitted herein, that while, under certain conditions, the words "Celery Compound" could well be considered descriptive, yet the facts here shown establish the contention that they have never been used in a strictly descriptive sense, but have ac-

quired a secondary meaning as a designation for complainant's preparation. For this reason, under the trend of the later authorities on this subject, the use of these words as a trade-mark designating this particular preparation may be properly sustained. The adoption of the representation of a head of celery as a portion of the trade-mark for this preparation is also justified by the proofs before me.

Touching the question of unfair competition, in my opinion the contentions of complainant are amply sustained by a simple inspection of the bottle, carton, and inscriptions thereon used by defendant, so far as simulation is concerned.

A temporary injunction may issue restraining the use by defendant of the said trade-mark and form of package, upon complainant filing herein a proper bond in the sum of $5,000.